```
                              FILED IN
                           CLERK'S OFFICE
STATE OF INDIANA    )                    LAKE CIRCUIT/SUPERIOR COURT
                    )   2012 MAY 22 PM 3 22
COUNTY OF LAKE      )                    SITTING IN _____, INDIANA
                        MICHAEL A. BROWN
                        CLERK LAKE CIRCUIT COURT
JENNIFER SMITH,                 )
                                )
     Plaintiff,                 )
                                )
v.                              )
                                )
EDGEWATER SYSTEMS     FOR       )   CAUSE NO.:
BALANCED LIVING and             )
DANITA JOHNSON HUGHES,          )       45C01 1205C.I=0092
Individually and in her         )
capacity as President and       )
Chief Operating Officer of      )
EDGEWATER SYSTEMS FOR           )
BALANCED LIVING,                )
                                )
     Defendants.                )
```

## COMPLAINT FOR DAMAGES

Comes now the plaintiff, Jennifer Smith, by counsel, Ami Anderson Noren of Spangler, Jennings & Dougherty, P.C., and alleges and states as follows:

### FACTUAL ALLEGATIONS

1. The plaintiff, Jennifer Smith, is a resident of Portage, Indiana.

2. The defendant, Edgewater Systems for Balanced Living ("Edgewater"), is an Indiana corporation doing business in Gary, Lake County, Indiana.

3. The defendant, Danita Johnson Hughes, serves as the President and Chief Operating Office of the defendant, Edgewater, and is believed to be a resident of Lake County, Indiana.

4. The plaintiff, Jennifer Smith, served in the United States Navy for five (5) years.

5. The plaintiff, Jennifer Smith, suffers physical and mental disabilities as a result of her Naval Service.

6. Following her Naval Service, the plaintiff, Jennifer Smith, was hired by the defendant, Edgewater, as the Executive Assistant to the defendant, Danita Johnson Hughes in April 2004.

7. Due to her disabilities, the plaintiff, Jennifer Smith, occasionally is required to be absent from her job for purposes of medical treatment.

8. The plaintiff, Jennifer Smith, disclosed her pre-existing medical conditions to the defendants when she was hired in April, 2004.

9. In December, 2009, the plaintiff, Jennifer Smith, applied for Intermittent Family Medical Leave and provided Edgewater with medical certification of her condition.

10. Pursuant to the request of the defendant, Edgewater, the plaintiff, Jennifer Smith, re-certified her medical condition in approximately July, 2010.

11. In January, 2011, the plaintiff, Jennifer Smith, submitted a Leave Request, noting that she was under a physician's care, and requesting leave from January 28, 2011 until such time that her physician released her to work.

12. On or about February 12, 2011, the plaintiff, Jennifer Smith, submitted an Application for Family Medical Leave to the defendant, Edgewater.

13. The plaintiff, Jennifer Smith, returned to work on March 9, 2011.

14. The plaintiff, Jennifer Smith, was admitted to the hospital from April 12, 2011 through April 17, 2011.

15. The plaintiff, Jennifer Smith, was directed to remain off of work by her physician until further notice.

16. The defendants were aware that the plaintiff, Jennifer Smith, was hospitalized as a result of her disabilities.

17. On May 3, 1011, without prior warning, the plaintiff received a letter from the defendant, Danita Johnson Hughes, indicating that she had been terminated effective April 29, 2011 because she had allegedly exhausted the leave available to her under the Family Medical Leave Act.

18. Between January 1, 2010 and April 29, 2011, the plaintiff, Jennifer Smith, was absent from work for less than ten (10) weeks, inclusive of leave time, sick time and vacation time.

19. The facts and circumstances alleged in this Complaint for Damages have been reviewed by the Indiana Civil Rights Commission and the Equal Employment Opportunity Commission, and the plaintiff, Jennifer Smith, has received a Notice of Right to Sue from the

3

Received USDC IN/ND case 2:12-cv-00208-WCL-PRC document 1 filed 05/22/12 page 4 of 14

Equal Employment Opportunity Commission. See Exhibit A, Notice of Right to Sue dated February 22, 2012.

## COUNT I
## VIOLATION OF THE INDIANA CIVIL RIGHTS ACT,
### I.C. § 22-9-1-1, et seq.

20. The plaintiff hereby incorporates paragraphs 1-19 of her Complaint as if fully stated herein.

21. At all relevant times, the plaintiff, Jennifer Smith, was a disabled veteran.

22. At all relevant times, the plaintiff, Jennifer Smith, was qualified and capable of performing her duties as the Executive Assistant to the defendant, Danita Johnson Hughes, for the defendant, Edgewater.

23. The termination of the plaintiff, Jennifer Smith, by the defendants, Danita Johnson Hughes and Edgewater, was directly related to her disability.

24. Had the plaintiff, Jennifer Smith, not been a disabled veteran, she would not have been terminated.

25. The defendants, Danita Johnson Hughes and Edgewater, violated the Indiana Cival Rights Act, I.C. § 22-0-1-1 et seq., when they terminated the plaintiff, Jennifer Smith, due to her disabilities.

WHEREFORE, the plaintiff, by counsel, respectfully requests that judgment be entered in her favor and that she be awarded all damages available to her under the Indiana Civil Rights Act,

4

including, but not limited to, lost wages and benefits, and for all other relief that is just and proper.

## COUNT II
### VIOLATION OF THE INDIANA EMPLOYMENT DISCRIMINATION AGAINST DISABLED PERSONS ACT, I.C. § 22-9-5-1, et seq.

26. The plaintiff hereby incorporates paragraphs 1-25 of her Complaint as if fully stated herein.

27. The plaintiff, Jennifer Smith, at all relevant times, was a "qualified individual with a disability" as defined by I.C. § 22-9-5-16.

28. The defendants, Danita Johnson Hughes and Edgewater, violated the Indiana Employment Discrimination Against Disabled Persons Act by failing to make reasonable accommodations to the known limitations of the plaintiff, Jennifer Smith.

29. The defendants, Danita Johnson Hughes and Edgewater, would not have suffered an undue hardship by accommodating the plaintiff, Jennifer Smith.

30. The defendants, Danita Johnson Hughes and Edgewater, further violated the Indiana Employment Discrimination Against Disabled Persons Act by terminating the employment of the plaintiff, Jennifer Smith, as a result of her disability.

WHEREFORE, the plaintiff, by counsel, respectfully requests that judgment be entered in her favor and that she be awarded all damages available to her under the Indiana Civil Rights Act and Indiana Employment Discrimination Against Disabled Persons Act,

including, but not limited to, lost wages and benefits, and for all other relief that is just and proper.

## COUNT III
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 1211, et seq.

31. The plaintiff hereby incorporates paragraphs 1-30 of her Complaint as if fully stated herein.

32. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

33. A Notification of Right to Sue was issued by the EEOC on February 22, 2012.

34. This Complaint is being filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

35. The defendant, Edgewater, is a "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 2000e.

36. The plaintiff, Jennifer Smith, is an individual with a "disability" as defined by 42 U.S.C. § 12102.

37. While the plaintiff, Jennifer Smith, was employed by the defendant, Edgewater, she served as the Executive Assistant to the defendant, Danita Johnson Hughes.

38. The plaintiff, Jennifer Smith, fully, adequately and completely performed all of her job duties.

39. Prior to terminating the plaintiff's employment on April 29, 2011, the defendants, Danita Johnson Hughes and Edgewater, did

6

not offer any alternative reasonable accommodation that would have allowed the plaintiff, Jennifer Smith, to continue working despite her disabilities.

40. The defendants, Danita Johnson Hughes, failed to undertake a good faith effort, in consultation with the plaintiff, Jennifer Smith, to identify and make a reasonable accommodation for the plaintiff.

41. The defendant, Danita Johnson Hughes and Edgewater, failed to make reasonable accommodations, and such failure constitutes discrimination and a violation of 42 U.S.C. § 12112.

42. In failing to make reasonable accommodation to the plaintiff's disability, the defendants, Danita Johnson Hughes and Edgewater, acted with malice or with reckless indifference to the federally protected rights of the plaintiff, Jennifer Smith.

43. As a result of the defendants' action, the plaintiff has suffered lost wages, lost benefits and lost employment opportunities.

44. The failure of the defendants, Danita Johnson Hughes and Edgewater, to make reasonable accommodations to the plaintiff, Jennifer Smith, has caused, and will continue to cause, the plaintiff, Jennifer Smith, to suffer substantially pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, the plaintiff, by counsel, respectfully requests that this Court enter judgment in her favor and against the defendants as follows:

a. Find and hold that the plaintiff, Jennifer Smith has suffered from the defendants' acts of discrimination on the basis of disability;

b. Order that the Plaintiff be awarded the back pay she would have earned, with related benefits, and interest thereon, had the plaintiff not been terminated;

c. Award the plaintiff compensatory and punitive damages in amount to be determined at trial of this matter;

d. Award the plaintiff attorney fees, litigation expenses and costs;

e. Grant all other relief that is just and proper.

## COUNT IV
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 et seq.

45. The plaintiff hereby incorporates paragraphs 1-44 of her Complaint as if fully stated herein.

46. The plaintiff, Jennifer Smith, was an "eligible employee" as defined by 29 U.S.C. § 2611.

47. The defendant, Edgewater, is a covered "employer" as defined by 29 U.S.C. § 2611.

48. The plaintiff, Jennifer Smith, required leave due to a serious health condition that rendered her unable to perform her job functions for a limited period of time.

8

49. The plaintiff, Jennifer Smith, provided the defendants, Danita Johnson Hughes and Edgewater, with adequate notice of her need for leave as required by the Family Medical Leave Act.

50. The plaintiff, Jennifer Smith, was terminated by the defendants, Danita Johnson Hughes and Edgewater, because she chose to avail herself of the rights protected by the Family Medical Leave Act.

51. The plaintiff, Jennifer Smith, was terminated by the defendants, Danita Johnson Hughes and Edgewater, prior to the exhaustion of the rights available to her under the Family Medical Leave Act in violation of said Act.

52. In addition to the defendant, Edgewater, the defendant, Danita Johnson Hughes, is a proper party to this claim in her individual capacity because she exercised control over the decision with violated the Family Medical Leave Act.

WHEREFORE, the plaintiff, by counsel, respectfully requests that judgment be entered in her favor and that she be awarded all damages available to her under the Family Medical Leave Act, including, but not limited to, lost wages and benefits, plus interest, attorney fees, litigation costs and expenses and all other relief that is just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The plaintiff hereby incorporates paragraphs 1-52 of her Complaint as if fully stated herein.

54. The defendant, Danita Johnson Hughes, engaged in extreme and outrageous conduct when she disciplined and terminated the plaintiff, Jennifer Smith, because of her disabilities.

55. The defendant, Danita Johnson Hughes recklessly and/or intentionally caused the plaintiff, Jennifer Smith, to suffer severe emotional distress.

56. As a result of the incident complained about herein, the plaintiff, Jennifer Smith, suffered, and continues to suffer, severe emotional distress.

WHEREFORE, the plaintiff, Jennifer Smith, by counsel, respectfully requests that this Court enter judgment in her favor and against the defendants and award her damages to compensate her for her injuries and for all other relief that is just and proper.

## COUNT VI
## VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 28 U.S.C. § 4301, et seq.

57. The plaintiff hereby incorporates paragraphs 1-56 of her Complaint as if fully stated herein.

58. The defendants' actions in terminating the plaintiff's employment violated the Uniformed Services Employment and Reemployment Rights Act.

10

### JURY DEMAND

The plaintiff, Jennifer Smith, by counsel, demands trial by jury on all issues of fact.

                                      Respectfully Submitted,
                                      SPANLGER, JENNINGS & DOUGHERTY, P.C.

By: _____
      AMI ANDERSON NOREN (#27609-45)
      8396 Mississippi Street
      Merrillville, Indiana 46383
      (219) 769-2323

11

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jennifer R. Smith
3461 Sunnyside Drive, Apt 7
Portage, IN 46368

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24E-2011-00197 | Ethel M. Harmon, State & Local Program Manager | (317) 226-6144 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission



Webster N. Smith,
District Director

FEB 22 2012
(Date Mailed)

Enclosures(s)

cc: Danita Johnson Hughes
President/CEO
EDGEWATER SYSTEMS
1100 West 6th Avenue
Gary, IN 46402

| | |
|---|---|
| JENNIFER SMITH,<br>          Plaintiff,<br><br>vs.<br><br>EDGEWATER SYSTEMS FOR<br>BALANCED LIVING, et al<br><br>          Defendants. | )<br>)<br>)  LAKE CIRCUIT COURT<br>)<br>)  CAUSE NO.: 45C01-1205-CT-0092<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## LIMITED APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**   Initiating []   Responding [X]   Intervening []

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Edgewater Systems for Balanced Living and Danita Johnson Hughes, Individually and in her capacity as President and CEO of Edgewater Systems for Balanced Living.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name: Philip E. Kalamaros #11722-71
          HUNT SUEDHOFF KALAMAROS LLP
          301 State Street, 2nd Floor
          Post Office Box 46
          St. Joseph, Michigan 49085
          Telephone: 269/983-4405
          Facsimile: 269/983-5645

3. There are other party members: Yes []  No []. If yes, list other party members not represented by this attorney:

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): N/A.

5. I will accept service by fax at the above-noted number: Yes []  No [X]

6. This case involves support issues. Yes []  No [X].



7. There are related cases: Yes [] No [X].

8. This form has been served on all other parties. Certificate of Service is attached: Yes [X] No [].

9. Additional information required by state or local rule: N/A.

HUNT SUEDHOFF KALAMAROS LLP

_____
Philip E. Kalamaros #11722-71
*Attorney for Defendants*
301 State Street, 2nd Floor- P.O. Box 46
St. Joseph, MI 49085
Telephone: 269/983-4405

**Authority: Pursuant to Trial Rule 3.1, this form shall be filed at the time an action is commenced or when a party first appears. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court. This format is approved by the Division of State Court Administration.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Limited Entry of Appearance was served upon:

> Ami Anderson Noren
> SPANGLER JENNINGS &
> DOUGHERTY, P.C.
> 8396 Mississippi Street
> Merrillville, IN 46383

by United States mail, postage prepaid, this 12th day of June, 2012.

_____
Philip E. Kalamaros